IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23-03085-01-CR-S-MDH |
| vs. | ) | |
| | ) | |
| | ) | |
| ROBERT NORMAN KENNEDY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ROBERT KENNEDY'S SENTENCING MEMORANDUM**

Defendant Robert Kennedy, by his counsel herein, respectfully requests that the Court impose a sentence of 240 months and submits that this sentence is sufficient but not greater than necessary to satisfy the federal sentencing factors set forth in 18 U.S.C. §3553(a).

**SUGGESTIONS REGARDING THE SENTENCE**

**1. Range of punishment**

In the Second Addendum to the Presentence Report (Doc. 32) the PSR writer calculates a Guideline total adjusted offense level of 42 and a criminal history category of I, for a recommended sentencing range of life imprisonment, supervised release of not less than 5 years to life, and a fine between $50,000-250,000.00. The statutory range of punishment is not less than 10 years to life imprisonment. There are no remaining objections that require ruling by the Court.

**2. The plea agreement**

Knowing the details of this case the way they do and having spoken on a number of occasions to the victim in this case, government counsel believes that a 45-year

1

sentence of imprisonment is appropriate and agrees to recommend same to the Court at the time of sentencing.

**3. The 3553(a) factors**

    **A. Nature and circumstances of the offense**

The nature and circumstances of this offense are adequately set forth in the Presentence Report and the Second Addendum and were fully considered by the government in recommending to the Court that a sentence of 45 years be imposed. Counsel respectfully asks that based upon the government's request, given their basis of knowledge about this case, that the Court vary from the Sentencing Guideline calculations contained in the Second Addendum and impose a sentence of not more than 45 years.

    **B. The history and characteristics of the defendant**

As reflected in the Presentence Report and confirmed by defendant's half-brother, David Roberts, defendant's childhood was difficult, his family was very poor, and defendant's mother lacked parenting skills. All of this resulted in him being removed from his mother's custody when he was in middle school and placed in foster care. He ran away from foster placement at age 16 and has lived on his own since that time. (PSR, p. 10, §42-44) Poverty and the almost complete absence of a supportive and loving mother and father no doubt shaped Mr. Kennedy's view of the world and relationships at an early age as well as the pathology of his mental and emotional issues.

    **C. Need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

Both parties are requesting a significant variance from the Guideline recommended sentence of life, and both believe that their respective requests (45 years by

the government and 20 years by Mr. Kennedy) reflect a sentence that adequately promotes respect for the law and a just punishment in this case. Mr. Kennedy is remorseful for his conduct and believes that a sentence of 240 months adequately reflects the seriousness of this case and promote respect for the law.

**D. To afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.**

Mr. Kennedy is almost 43 years of age. He accepted responsibility in this case and pled guilty. He did not demand a trial and compel this young woman to go through the difficulty of appearing in court to describe her experiences. Because he accepted responsibility, he will spend a significant amount of time incarcerated. Mr. Kennedy feels that a sentence of 240 months is sufficient to provide him and others with the deterrent effect of a lengthy sentence and will give him sufficient time to participate in programming available in the Bureau of Prisons such that he will not present any risk to the others upon his eventual release at approximately 60 years of age.

WHEREFORE, counsel respectfully requests that the Court grant the relief requested herein and for such other orders as the Court deems appropriate.

Respectfully submitted,

By: */s/ Shane P. Cantin*

Shane P. Cantin (Mo. Bar # 41699)
Cantin Mynarich LLC
2560 South Glenstone, Suite C
Springfield, MO  65804
Phone: 417-831-6363
shane@cantinmynarich.com

CERTIFICATE OF SERVICE

Counsel hereby certifies that the foregoing document was filed electronically through the Court ECF system on the 29th day of October, 2024 with notice given to all authorized parties of record.

*/s/ Shane P. Cantin*